IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT A. MEDFORD, # Y-22728, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 17-cv-1012-JPG |
| | ) |
| UNKNOWN PARTY (Counts 4 and 5), | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter comes before the Court for consideration of Plaintiff's Motion for 30-day Extension to file a First Amended Complaint (Doc. 6). This action was severed on September 21, 2017, from *Medford v. McLaurin, et al.*, Case No. 17-cv-243-JPG (S.D. Ill.). Plaintiff's claims arose from his confinement at the St. Clair County Jail ("the Jail"). This action contains the claims designated as Counts 4 and 5 in the original action, as described below. (Doc. 1).

> **Count 4 –** Unconstitutional conditions of confinement claim for mold and peeling paint in the showers, on the walls, and near the ventilation systems, leaking water from the ceilings, showers and sinks without hot water, one set of clothes, and no emergency buttons in the cells at the Jail.
>
> **Count 5 –** Unconstitutional conditions of confinement claim for failure to provide adequate food portions to inmates at the Jail.

In order for these claims to proceed, Plaintiff must submit an amended complaint that identifies the individual Defendants by name. Further, the amended complaint must withstand the required merits review pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the motion for extension of time (Doc. 6) is **GRANTED**, good cause having been shown. Plaintiff **SHALL FILE** his First Amended

1

Complaint on or before November 17, 2017.

It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 17-cv-1012-JPG. The amended complaint shall include only the claims designated as **COUNTS 4 and 5** above, and should state all relevant facts which may exist to support those constitutional claims.

In the amended complaint, Plaintiff shall specify, *by name*,[1] each Defendant alleged to be liable under the particular count, as well as the actions alleged to have been taken by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces all prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a Complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Plaintiff must also re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.

Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*,

---

[1] Plaintiff may designate an unknown Defendant as John or Jane Doe, but should include descriptive information (such as job title, shift worked, or location) to assist in the person's eventual identification.

34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915A. Such dismissal may count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the original action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff files a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: October 17, 2017**

*s/J. Phil Gilbert*
United States District Judge