IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT A. MEDFORD, # Y-22728,  )
　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　)
　　　　　　　　　　　　　　　　)
　　vs.　　　　　　　　　　　　) 　Case No. 17-cv-1012-JPG
　　　　　　　　　　　　　　　　)
C/O FITZ,　　　　　　　　　　　)
ARAMARK FOOD SERVICES,　　　　 )
JOHN DOE 1 (Laundry Worker),　 )
and JOHN DOE 2 (Maintenance Worker), )
　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　 )

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for a merits review of Plaintiff's First Amended Complaint (Doc. 8) pursuant to 28 U.S.C. § 1915A. Plaintiff is a state prisoner currently incarcerated at Menard Correctional Center. His claims arose while he was detained at the St. Clair County Jail ("the Jail"). The instant case contains claims alleging that Plaintiff was subjected to unsanitary and unsafe conditions of confinement (Count 4), and was deprived of adequate portions of food (Count 5). These claims were originally included in *Medford v. McLaurin, et al.*, Case No. 17-cv-243-JPG (S.D. Ill., filed March 8, 2017). On September 21, 2017, a number of claims in the original case were severed into 5 new cases, including this one. (Doc. 1).

Plaintiff was granted leave to file the First Amended Complaint in order to restate his claims and identify Defendants by name. (Doc. 7). He filed the amended pleading (Doc. 8) on November 2, 2017.

For ease of reference, the Court shall retain the original designation of these claims as

1

Counts 4 and 5:

> **Count 4 –** Unconstitutional conditions of confinement claim for mold and peeling paint in the showers, on the walls, and near the ventilation systems, leaking water from the ceilings, showers and sinks without hot water, one set of clothes, and no emergency buttons in the cells at the Jail.
>
> **Count 5 –** Unconstitutional conditions of confinement claim for failure to provide adequate food portions to inmates at the Jail.

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints, and to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.

After carefully reviewing the First Amended Complaint (Doc. 8), the Court concludes that Count 4 merits further review against one Defendant, and Count 5 is subject to dismissal.

## The First Amended Complaint (Doc. 8)

Plaintiff's statement of claim in the First Amended Complaint essentially restates, word-for-word, his statement of claim from the original Complaint, as relevant to Counts 4 and 5.

In reference to Count 4, Plaintiff alleges the showers at the Jail have peeling paint on the walls and ceiling, black mold, slime, and gnats. (Doc. 8, p. 4). "Because of the water pressure, these objects become airborne and get in [inmates'] eyes and mouth." *Id.* Plaintiff filled out sick calls and captain complaint forms but received no response. *Id.* Dust particle build-up and mold sit by the vents on the ceiling. *Id.* There are no emergency buttons inside the cells. *Id.* If any inmate is in danger, there is no help other than to lock down, which is dangerous. *Id.* The ceiling and roof have peeling paint and leaking water. *Id.* Plaintiff complained about all of these issues but never received a response. *Id.* There is no hot water in the showers and sink. *Id.* There are also no shower curtains. *Id.* Inmates "continued asking C.O. Fitz but still no help."

2

*Id.* "It shows negligence from staff." *Id.* Inmates, including Plaintiff, only have one uniform, so during laundry they cover themselves with blankets because they are not given underwear. *Id.*

Continuing to Count 5, Plaintiff claims that the food portions served at the Jail are "inadequate," as Aramark Food Services ("Aramark") is "not regulated." (Doc. 8, p. 6). There is no fruit on the food trays. *Id.* "[A]ll issues have been complained in the form of a captain complaint form but still not response." *Id.* Aramark is an entity that is apparently contracted to provide food to inmates at the Jail. (Doc. 8, p. 2).

Plaintiff seeks damages and injunctive relief requiring the grievance procedure at the Jail to be "fixed so inmates can be heard" and Jail officials "held accountable." (Doc. 8, p. 5).

## **Merits Review Pursuant to 28 U.S.C. § 1915A**

### **Count 4 – Unsanitary and Dangerous Conditions of Confinement**

It appears that Plaintiff was held at the Jail as a pretrial detainee while his criminal case was adjudicated in St. Clair County. He filed the instant action while he was still a prisoner at the Jail; he was subsequently convicted and transferred to the custody of the Illinois Department of Corrections.

The Due Process Clause of the Fourteenth Amendment governs claims for unconstitutional conditions of confinement brought by pretrial detainees. *See Smith v. Dart*, 803 F.3d 304 (7th Cir. 2015); *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012); *Forest v. Prine*, 620 F.3d 739, 744-45 (7th Cir. 2010); *Klebanowski v. Sheahan*, 540 F.3d 633, 637 (7th Cir. 2008). The Eighth Amendment governs claims for convicted prisoners. *Id*. As the Seventh Circuit explained:

> [A] pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases,

> however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind.

*Smith*, 803 F.3d at 309.

The Seventh Circuit has historically applied the same standards to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners). *See Smith*, 803 F.3d at 309-10; *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008). Under the Eighth Amendment, two elements are required to establish a constitutional violation for conditions of confinement in prison. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer*, 511 U.S. at 834. The second requirement is a subjective element – establishing a defendant's culpable state of mind, which is deliberate indifference to a substantial risk of serious harm to the inmate from those conditions. *Farmer*, 511 U.S. at 837, 842. To satisfy this element, a plaintiff must show that "the defendant 'possess[ed] a purposeful, a knowing, or possibly a reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, __U.S.__, 135 S. Ct. 2466, 2472 (2015)).

In the case at bar, Plaintiff describes several substandard conditions at the Jail. The shower area was contaminated with black mold, slime, peeling paint, and was infested with gnats. The water pressure in the shower area caused these contaminants to "become airborne" where they would then get into Plaintiff's eyes and mouth. (Doc. 1, p. 4). The shower and sinks had no hot water. The showers lacked curtains for basic privacy, which led Plaintiff to use his blanket in place of a curtain.

Plaintiff also describes dust particles and mold on the ceiling ventilation vents, peeling

paint and water leaks on the ceiling and roof, and a lack of emergency buttons inside the cells for inmates to summon help. It appears that these allegations refer to conditions within the cells or housing areas, as distinct from the bathroom/shower area. Finally, Plaintiff and other inmates were issued only one set of clothing and no underwear, which forced him to cover his body with only a blanket whenever the clothing was being laundered.

Plaintiff put in sick call requests (he does not say to whom) about the unsanitary conditions, as well as "captain complaint forms," but got no response. He also alleges making "continued" requests to C/O Fitz, who failed to do anything.

The combination of the contaminated shower and living areas, insect infestation, airborne contaminants, and water leaks, may amount to an objectively serious lack of basic sanitation in the Jail. *See Thomas v. Illinois*, 697 F.3d 612, 614-15 (7th Cir. 2012) (depending on severity, duration, nature of the risk, and susceptibility of the inmate, conditions of confinement may violate the Eighth Amendment if they caused either physical, psychological, or probabilistic harm). Further, Plaintiff's allegation that he complained to Fitz about the conditions, to no avail, suggests that Fitz knowingly allowed the conditions to persist, thus subjecting Plaintiff to an excessive risk to his health. **Count 4** may therefore proceed against Fitz for further consideration.

Plaintiff fails to state a claim against the John Doe Laundry Worker or John Doe Maintenance Worker in Count 4, however. His factual summary does not include any allegation that Plaintiff informed either of these individuals about the problems with his living area or clothing supplies, or that these people failed to take steps to correct the problems once they were notified of them. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have

caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a defendant, a plaintiff must describe what each named defendant did (or failed to do), that violated the plaintiff's constitutional rights. This is true even if the plaintiff does not yet know the name of a defendant and must temporarily identify him or her with a "John Doe" designation. Because the Complaint includes no allegations to connect either John Doe Defendant with the alleged constitutional violations, the John Doe Laundry Worker and John Doe Maintenance Worker shall be dismissed from the action without prejudice.

**Dismissal of Count 5 – Inadequate Food Portions**

In some circumstances, a prisoner's claim that he was denied food may amount to an objectively serious deprivation. However, the Seventh Circuit has held that the denial of food is not a *per se* violation of the Eighth Amendment. Rather, a district court "must assess the amount and duration of the deprivation." *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999). *See generally Wilson v. Seiter*, 501 U.S. 294, 304 (1991) (it would be an Eighth Amendment violation to deny a prisoner an "identifiable human need such as food"); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (withholding food from an inmate can, in some circumstances, satisfy the first *Farmer* prong); *Talib v. Gilley*, 138 F.3d 211, 214 n.3 (5th Cir. 1998) (noting that denial of one out of every nine meals is not a constitutional violation); *Cooper v. Sheriff of Lubbock Cnty.*, 929 F.2d 1078 (5th Cir. 1991) (failure to feed a prisoner for twelve days is unconstitutional); *Cunningham v. Jones*, 567 F.2d 653, 669 (6th Cir. 1977), *app. after remand*, 667 F.2d 565 (1982) (feeding inmates only once a day for 15 days, would constitute cruel and unusual punishment only if it "deprive[s] the prisoners concerned . . . of sufficient food to maintain normal health.").

Turning first to the objective component of Plaintiff's claim in Count 5, the failure to provide a prisoner with enough food to meet his nutritional and calorie needs could create an objectively serious risk to his health, if he was subjected to this deprivation for a sustained period of time. In Plaintiff's case, he does not claim that he was ever denied an entire meal, but states that the food portions provided by Aramark were "inadequate" and did not include any fruit. (Doc. 1, p. 6). This statement, however, does not provide enough factual information to support a conclusion that meals at the Jail were substandard to the degree of raising a constitutional concern. Plaintiff does not reveal how long he had to survive on what he considers to be inadequate rations, or if he suffered any ill health effects or weight loss during that time. He offers only his own conclusion regarding the sufficiency of the food portions, and that is not enough to state a claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (conclusory legal statements and sketchy factual allegations are not adequate).

Further, to satisfy the subjective portion of a deliberate indifference claim, a prisoner must show that he notified a defendant of the condition which placed his health at risk, and that the defendant failed to correct the problem despite knowing about the risk. Here, Plaintiff states that he submitted a "captain complaint" regarding this problem, but got no response. He does indicate the name of the Jail official who would have received the "captain complaint," and he does not claim to have complained about the food to any of the named Defendants, including Aramark. In the absence of any allegation that a Defendant was made aware of the food inadequacy, and then failed to remedy the problem, Plaintiff cannot sustain a deliberate indifference claim based on the Jail's food.

For these reasons, **Count 5** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

In the event that Plaintiff should seek to revive this claim, the Court observes that it is not clear whether Aramark Food Services would itself be subject to liability in a civil rights action under § 1983. Plaintiff does not present any information about this entity, other than to say it is "not regulated." That statement suggests that some government official might be responsible for overseeing Aramark with reference to providing food to Jail inmates.

Municipalities and other local government units may be found liable in a § 1983 action, if they had an official policy, custom, or practice that caused a constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). A municipality cannot shield itself from liability by simply delegating final decision-making to a private entity. *King v. Kramer*, 680 F.3d 1013, 1020-21 (7th Cir. 2012) (municipality was on notice that health-care provider's policies were "causing problems at the jail").

Aramark Food Services shall also be dismissed from the action without prejudice at this time.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 9) shall be referred to the United States Magistrate Judge for further consideration.

### Disposition

**COUNT 5** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **JOHN DOE LAUNDRY WORKER, JOHN DOE MAINTENANCE WORKER,** and **ARAMARK FOOD SERVICES** are **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **FITZ**: (1) Form 5 (Notice of a Lawsuit

and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc. 8), a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 9).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that

his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 2, 2018**

*s/J. Phil Gilbert*
United States District Judge