UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT A. MEDFORD,

    Plaintiff,

    v.

C/O FITZ, ARAMARK FOOD SERVICES,
JOHN DOE 1 (Laundry Worker), and JOHN
DOE 2 (Maintenance Worker),

    Defendants.

Case No. 17-cv-1012-JPG-DGW

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 30) of Magistrate Judge Donald G. Wilkerson. After holding a hearing on October 9, 2018, Magistrate Judge Wilkerson recommended that the Court grant defendant Timothy Fisk's[1] motion for summary judgment based on plaintiff Scott A. Medford's failure to exhaust administrative remedies (Doc. 23). Medford has objected to the Report (Doc. 31), and Fisk has responded to that objection (Doc. 32).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court reviews the Report *de novo*.

Medford, a detainee at the St. Clair County Jail ("Jail") at all relevant times, filed this lawsuit complaining of the conditions of his confinement, specifically, "for mold and peeling

---

[1] Fisk was incorrectly named in the First Amended Complaint as Fitz.

paint in the showers, on the walls, and near the ventilation systems, leaking water from the ceilings, showers and sinks without hot water, one set of clothes, and no emergency buttons in the cells at the Jail." (Doc. 10). Fisk, the only remaining defendant in this case, asserts that Medford failed to exhaust his administrative remedies before filing suit. He presented evidence that the Jail has no record of receiving *any* "Captain's complaint" or grievance, two steps in the Jail's admittedly confusing grievance process, from Medford during his period of detention.

At the hearing, Medford stated that he filed Captain's complaints but received no response. Magistrate Judge Wilkerson found Medford not to be credible. Relying in part on Medford's demeanor while testifying, Magistrate Judge Wilkerson found his testimony confusing, lacking in detail, uncorroborated by other evidence, contradictory, and inconsistent with other evidence. He concluded that Medford completed Captain's requests[2] but did not submit them to the Jail, instead saving the original and the carbon copy for himself and for the Court.

Magistrate Judge Wilkerson concluded that Medford had not exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a) because (1) he had not submitted any Captain's request to the jail, (2) the Captain's requests Medford claims to have submitted do not describe the offending conditions of confinement at issue in this case in the detail required by the Jail's rules, and (3) that the Captain's requests that describe *some* offending conditions of confinement were written on April 26 and 30, 2017, after Medford added this claim to the case from which this case was severed (April 12, 2017).

Medford objects, stating that he was confused at the hearing, that he had submitted

---

[2] A "Captain's request" is the same thing as a "Captain's complaint" and is written on a form entitled "Complaint Form." *See, e.g.,* Compl. Exs. (Doc. 2, pp. 11-19).

grievances before he first pled this claim, and that the grievance procedure was unavailable because it was unclear. Some of his statements in his objection conflict with his statements at the hearing in response to Magistrate Judge Wilkerson thorough, careful and patient questioning (*e.g.,* when he started making handwritten copies of his Captain's requests, whether he had filed more Captain's requests than are contained in the Court's file).

The Court has reviewed the transcript of Magistrate Judge Wilkerson's October 9, 2018, hearing and finds that nothing Medford says in his objection causes the Court to reject Magistrate Judge Wilkerson's well-informed determination of Medford's credibility. Thus, the Court accepts Magistrate Judge Wilkerson's finding that Medford did not submit any written complaint of any sort, whether it be a Captain's Complaint or grievance, to the Jail.

The Court has sympathy with Medford that the Jail's grievance procedure is extremely confusing. The Jail's grievance procedure clearly required him to file either a Captain's request ("A Captain's request must be submitted prior to the grievance procedure." *Detainee Rules & Regs.* 9) or a *bona fide* grievance ("Step 1. A grieving detainee shall within 24 hrs. after he/she learns of circumstances or conditions which prompted the grievance, submit the grievance to the shift supervisor." *Id.*), or both (Doc. 23-2). Medford did neither of these things. Had Medford submitted *any* document whatsoever to the jail the Court would have been inclined to excuse him if he had filed the wrong kind of document. However, he filed nothing at all.

The Court has further considered *de novo* Magistrate Judge Wilkerson's second and third reasons for recommending dismissal for failure to exhaust administrative remedies. It agrees with Magistrate Judge Wilkerson for the reasons stated in the Report.

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 30);

- **OVERRULES** Medford's objections (Doc. 31);

- **GRANTS** Fisk's motion for summary judgment based on the failure to exhaust administrative remedies (Doc. 23); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   December 20, 2018**

                                          s/ J. Phil Gilbert
                                          **J. PHIL GILBERT**
                                          **DISTRICT JUDGE**